IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAULA THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-592-D |
| ) | |
| FAIRWAY PARK APTS., L.L.C., ) | |
| doing business as FAIRWAY PARK ) | |
| APARTMENTS, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 9], filed pursuant to Fed. R. Civ. P. 12(b)(6). Defendant seeks the dismissal of this action based on Plaintiff's failure to state a claim for relief under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, or state law. Plaintiff has responded in opposition to the Motion, which is fully briefed and at issue.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. 1949. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

**Plaintiff's Complaint**[1]

The Complaint states that Plaintiff has been a resident of the Fairway Park Apartments since 2001, that she has been diagnosed with multiple sclerosis and other medical conditions, and that her ability to ambulate with assistive devices has diminished. Plaintiff alleges that, upon receiving a wheelchair in April, 2011, Plaintiff requested that Defendant install a ramp from her handicapped parking space to the sidewalk that runs to her first floor apartment. Plaintiff further alleges that, despite a letter from her doctor and therapist documenting the need for a ramp and an offer from her church to install one at no cost to Defendant, Defendant refused her request and informed her that she was no longer wanted as a tenant. The Complaint states that Plaintiff subsequently received a housekeeping notice of a planned inspection and, before the date set for the inspection, a second notice of termination of her lease. The second notice notified Plaintiff that her lease would expire on May 31, 2011, and instructed her to vacate her apartment by that date, even though her existing lease extended until September 30, 2011. Plaintiff allegedly complied with the housekeeping notice and was informed during the inspection that her apartment "looked good," but Defendant still sought to evict her. *See* Compl. [Doc. No. 1], ¶¶ 15-16.

Based on these factual allegations, Plaintiff asserts that Defendant has committed five "discriminatory housing practices" as defined by the Fair Housing Act, 42 U.S.C. § 3602(f). These include: making the rental unit unavailable to Plaintiff because of her handicap, *id*. § 3604(f)(1)(A); refusing to permit reasonable modifications to make the premises handicap accessible, *id*. § 3604(f)(3); breaching the lease agreement based on Plaintiff's handicap and request for accommodation; failing to design and construct the parking lot in a manner that is readily accessible

---

[1] Pursuant to the standard of decision, the factual allegations of the Complaint are accepted as true and stated in the light most favorable to Plaintiff.

and usable by handicapped persons, *id*. § 3604(f)(3)(C)(i); and failing to comply with requirements of the American National Standard, *id*. § 3604(f)(4). As a result of Defendant's alleged intentional and willful violations of the Act, Plaintiff seeks actual and punitive damages and injunctive relief.[2]

## Discussion

Upon examination of the Complaint, the Court easily finds that Plaintiff states a claim for relief under the Fair Housing Act. In fact, the premise of Defendant's Motion is not the insufficiency of the Complaint but an affidavit submitted with the Motion stipulating that Plaintiff may remain in her rental unit until the end of the lease term. Defendant argues in its brief that Plaintiff's action was "prematurely filed" because "no wrong had occurred" when she filed suit on May 25, 2011, and that the action is now "moot" because Plaintiff has been allowed to stay in her apartment. *See* Def.'s Motion [Doc. No. 9] at 1, 2. Mootness is a threshold issue that implicates subject matter jurisdiction. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). The focus of Defendant's argument is Plaintiff's claim based on her anticipated eviction, which did not occur. However, Plaintiff complains of other discriminatory housing practices as well, which Defendant does not claim to have alleviated.

Further, Defendant's assertion of mootness is based on its voluntary agreement not to carry out the anticipated eviction. A defendant's voluntary cessation of an alleged illegal practice that the defendant is free to resume will not moot litigation unless "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *See id*. at

---

[2] The Complaint also asserts pendent claims under Oklahoma statutory and common law. *See* Okla. Stat. tit. 25, § 1451 *et seq*. As explained below, Defendant does not provide legal authority regarding the sufficiency of any particular claim. Thus the Court focuses on the claim asserted in the Complaint that provides a basis for federal subject matter jurisdiction.

1115 (internal quotation omitted). The party asserting mootness bears the "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again." *Id*. at 1116 (internal quotation omitted). Here, Defendant presents an affidavit of the area supervisor stipulating that Plaintiff will be allowed to remain in her apartment until the end of the lease term and containing a conclusory statement that Defendant has never discriminated against Plaintiff based on her disabilities. The Court finds that this affidavit fails to carry Defendant's heavy burden to establish mootness.

### Conclusion

For these reasons, the Court finds that Plaintiff has alleged facts that state a plausible claim for relief under the Fair Housing Act and that Defendant has not established the action is moot.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 9] is DENIED.

IT IS SO ORDERED this 2nd day of November, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE